**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **TRACEY D. GARRETT, #31079-077,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:09-CV-0415-P |
| | ) | |
| **CHUCK NORRIS, et al.,** | ) | |
| Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights action brought by a federal prisoner under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Parties: Plaintiff is incarcerated at FCI Seagoville in Seagoville, Texas. Defendants are Chuck Norris and several employees of the Walker Texas Ranger Television Show. The court did not issue process in this case pending preliminary screening.

Statement of Case: The complaint, as supplemented by the answers to the questionnaire, seeks to litigate claims stemming from Plaintiff's November 1997 arrest by Defendants as they were impersonating federal officials in conjunction with the Mobile Enforcement Task Force, which is composed of federal and state law enforcement officers. Plaintiff seeks monetary damages from the Defendants. (Complaint at 11-16).

On August 13, 2001, Plaintiff filed a prior *in forma pauperis*, *Bivens* action against Chuck Norris and 48 employees of the Walker Texas Ranger Television Show stemming from the same course of events at issue in this case. *See Garrett v. Norris, et al.*, 3:01cv1566-D (N.D. Tex.). On March 25, 2002, the district court dismissed that case as frivolous because the claims were time barred. *Id.* Although Plaintiff timely appealed, the Fifth Circuit dismissed the appeal as frivolous. *Garrett v. Norris, et al.*, No. 02-10440 (5th Cir. Dec. 9, 2003).

On March 13, 2009, after the filing of this action, the court issued a questionnaire notifying Plaintiff that his complaint appeared to duplicate the claims unsuccessfully litigated in No. 3:01cv1566-D, and ordering him to explain why this case should not be dismissed as duplicative. Plaintiff filed his answers to the questionnaire on April 13, 2009.

Findings and Conclusions: The court has granted Plaintiff leave to proceed *in forma pauperis*. His complaint is, thus, subject to preliminary screening pursuant to 28 U.S.C. § 1915(e). That section reads in pertinent part as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious . . . .

28 U.S.C. § 1915(e)(2)(B)(i).

A complaint is malicious when it "duplicates allegations of another [] federal lawsuit by the same plaintiff." *Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993). Although the *Pittman* court referred to allegations duplicative of pending federal litigation in discussing maliciousness, other cases make it clear that the prior lawsuit need not be pending. In *Wilson v. Lynaugh,* 878 F.2d 846, 850 (5th Cir. 1989), the Fifth Circuit recognized that an *in forma pauperis* action may be dismissed as frivolous when the action "seek[s] to relitigate claims which allege substantially

2

the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *See also Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir. 1988) (dismissal of *in forma pauperis* complaint was proper because suit was duplicative of previously dismissed lawsuit); *Willis v. Bates*, 78 Fed. Appx. 929, 930, 2003 WL 22427405, *1 (5th Cir. Oct. 22, 2003) (unpublished per curiam) ("[A]" district court may dismiss a lawsuit as malicious if it arises from the same series of events and alleges many of the same facts as an earlier suit.").

It is clear that the allegations in this action duplicate the claims pursued in Plaintiff's prior *Bivens* action against Defendant Norris and the employees of the Texas Ranger TV Show. *See* No. 3:01cv1566-D. Plaintiff concedes as much in response to the magistrate judge's questionnaire. (*See* Plaintiff's Answer to Question 2). The fact that he continues to suffer as a result of "repressed memories" and "pre-existing physical and psychological injuries," stemming from the same course of events, does not entitle him to raise his claims anew. (*See* Answer to Questions 1 and 3). Therefore, this case should be dismissed *sua sponte* with prejudice as frivolous.

RECOMMENDATION:

For the foregoing reasons, it is recommended this action be DISMISSED *sua sponte* with prejudice as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 18th day of June, 2009.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.